I respectfully dissent from the majority opinion. Unlike the majority, I find Boring's affidavit contains sufficient evidence of implied ratification to defeat summary judgment.
The majority finds, "Appellant attempts to present the evidence concerning Hedrick's statements and knowledge of the contracts through the affidavit of Craig Boring. However, Boring's testimony concerning Hedrick's statements on knowledge of the contracts is hearsay. Appellant has produced no admissible evidence to demonstrate that appellee had knowledge of the terms of the service contracts, and impliedly ratified them." (Majority Opinion at 4). I disagree.
Boring's affidavit relating to Hedrick's statements concerning her knowledge of the service contracts is not hearsay. See, Evid. R. 801(D). Hedrick's statement appellee would continue to honor the service contracts and Hedrick's request for information concerning buy out of the contracts provide sufficient evidence of implied ratification to withstand summary judgment. (Boring Affidavit, paragraph nos. 11 and 13).
Because the evidence of implied ratification occurred subsequent to the purchase agreement between Wyn-Mold and appellee, and subsequent to the notice of transfer by Wyn-Mold to appellee, those two facts do not operate to bar recovery on an implied ratification theory. Likewise, the consent and release agreement was executed before the allegations of when the service contracts were impliedly ratified and served only to release Wyn-Mold for claims then existing between it and appellant and not from any future claims appellant might have against appellee for future breach of any impliedly ratified contracts.
I would reverse the trial court's grant of summary judgment to appellee and remand the matter to the trial court for further proceedings.
 ________________________ JUDGE WILLIAM B. HOFFMAN